Eastern District of Kentucky
FILED
MAR 31 2006 nbb
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-302-GWU

DONNA DAVIS,                                                          PLAINTIFF,

VS:                  MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT,

## INTRODUCTION

Donna Davis brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

   1.   Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

   2.   Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

   3.   Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

   4.   Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

   5.   Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(I).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Davis, a 36 year-old former waitress, motel housekeeper and telemarketer with a "limited" education, suffered from impairments related to a history of drug and alcohol dependence, an anxiety disorder, a dysthymic disorder and borderline intelligence. (Tr. 13, 16). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of work at all exertional levels. (Tr. 19). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 20). The ALJ based this decision, in part, upon the testimony of a vocational expert. (T.r 19).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Anne Thomas

included such non-exertional limitations as (1) a restriction to low stress work with only simple, one or two-step operations; (2) a restriction to jobs in which public and co-worker contact is casual and infrequent with direct, constructive and non-confrontational supervision; and (3) jobs in which changes in the workplace are gradually introduced and infrequent. (Tr. 270). In response, Thomas identified a significant number of jobs which could still be performed. (Tr. 271). Therefore, assuming that the vocational factors considered by the expert fairly depicted the condition of Davis, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly characterized Davis' condition, as required by Varley. The hypothetical factors were compatible with the opinion of Psychologist Reba Moore, an examining consultant, who noted an adequate ability to relate to others as well as to understand, remember and carry out instructions. (Tr. 186). The plaintiff would have some difficulty with the frustration of work pressures (Tr. 186), a factor with which the hypothetical question's limitation to low stress work was essentially consistent. The claimant's treating source at the Cumberland River Comprehensive Care Center did not identify the existence of more severe, specific mental limitations than those presented in the hypothetical question. (Tr. 242-250). The plaintiff's Global Assessment of Functioning (GAF) was rated at 60 (Tr. 250) which suggests the existence of "moderate" psychological symptoms compatible with the ALJ's findings according to the American Psychiatric Association's Diagnostic and Statistical Manual for Mental Disorders (4th Ed.-Revised, 1994). Davis was also hospitalized at Knox County General Hospital in April of 2003 following a drug overdose but no long-term work activity restrictions were

imposed.[1] (Tr. 161-168). These reports provide substantial evidence to support the administrative decision.

Davis asserts that the hypothetical question did not fairly depict her mental status because it did not include the factors of "moderate" difficulties in maintaining social functioning and maintaining concentration, persistence, or pace as reported by Psychologists Edward Stodola (Tr. 207) and Lea Perritt (Tr. 226), the non-examining medical reviewers. With regard to the issue of social functioning, the hypothetical question included a number of restrictions with regard to interacting with the public, co-workers and supervisors which clearly cover this limitation. While the limitation concerning concentration, persistence and pace was not specifically addressed in those precise words, the extensive mental factors of the question arguably would accommodate such a limitation. As previously noted, the question was fully compatible with the opinion of Moore, an examining source. The administrative regulations provide that "generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. Section 416.927(d)(1). Finally, the Court notes that Social Security Ruling 85-15 provides that when a claimant's only limitation is mental but not of Listing severity, then only a "substantial" loss of ability to perform in such areas as understanding, remembering and carrying out simple instructions, responding appropriately to supervision, co-workers and usual work situations, or dealing with changes in the routine work setting would be sufficient to justify a finding of disabled status. The current record does not reveal such severe restrictions. Therefore, the undersigned must reject the plaintiff's argument.

---

[1] Public Law 104-121 now precludes a finding of disabled status when drug or alcohol abuse is a contributing material factor.

7

In February of 2004, Davis was hospitalized at the Baptist Regional Medical Center where she was diagnosed as suffering from a major depression.[2] (Tr. 254). Her GAF at discharge was rated at 40 to 50, suggesting the existence of serious psychological symptoms. (Tr. 254). However, her GAF for the previous year was rated at 60, indicating only "moderate" psychological impairment. To qualify for disability, a claimant must prove that her condition will meet the administration's one-year durational requirement. 20 C.F.R. Section 416.905(a). Therefore, this report is not sufficient to satisfy the durational requirement.

The ALJ properly concluded that Davis did not suffer from a "severe" physical impairment. Dr. Mark Carter, an examining consultant, did not identify any physical limitations. (Tr. 187-191). The plaintiff was treated at Baptist Regional in July of 2002 but, again, no physical restrictions were indicated. (Tr. 235-241). Therefore, the ALJ dealt properly with the evidence of record relating to the physical condition of the claimant.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___31___ day of March, 2006.

G. WIX UNTHANK
SENIOR JUDGE

---

[2] Benzodiazepine abuse was suspected. (Tr. 254).